UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:                                                                                           CASE NO. 18-11458

    OWENS COLLISION AND SERVICE CENTER, LLC

       DEBTOR                                                                              CHAPTER 7 CASE

MOTION TO FIX CLAIMS AND ENTER CONSENT ORDER

    NOW COMES, Samera L. Abide, Trustee for the Estate of OWENS COLLISION AND SERVICE CENTER, LLC (Debtor), who respectfully represents the following to this Honorable Court:

1.

    On 12/21/2018, OWENS COLLISION AND SERVICE CENTER, LLC filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

2.

    Samera L. Abide (Trustee) was appointed to serve as interim trustee and at the first meeting of creditors held on 01/29/2019, Samera L. Abide was appointed permanent Chapter 7 trustee.

3.

    This court has jurisdiction over this motion pursuant to, inter alia, 11 U.S.C. §§ 105, 502, 506, 507 and 28 U.S.C. §157.  These is a core proceeding.

4.

    Trustee filed objections to the following claims and the evidentiary hearing on each objection is presently set for Friday, 07/08/2022 at 10 a.m.:

    a.    Claim No. 9 filed by Allstate and dealing with the Norris vehicle for $25,957.92
    b.    Claim No. 10 filed by Allstate and dealing with the Butler vehicle for $38,291.95
    c.    Claim No. 24 filed by Henry and Julia Cobb for $45,671.73
    d.    Claim No. 25 filed by Warren and Courtney Warren for $10,112.92
    e.    Claim No. 27 filed by Kevin Abadie for $20,121.56; and
    f.    Claim No. 26 filed by Mike Tanner for $32,483.16

    The objections invited each claimant and Debtor's representative to come forward with evidence proving their claims.

5.

Each of the above creditors are represented by David Forrester in this matter. Mr. Forrester also represents two other claimants who are not requesting any penalties and they have provided documentation for the debt that they are claiming. Those claimants are:

g. Claim No. 23 filed by Kizzy Williams for $8,263.95; and
h. Claim No. 31 filed by Dr. S. Mavuram for $7,281.91.

6.

In hopes of reaching an amicable resolution, Trustee and her counsel, Steve Lemoine, met with Debtor's representative, Greg Owens, and Debtor's counsel, Brent Boxill and Jim Herpin, as well as creditors' counsel, David Forrester. Each party was allowed reasonable opportunity to present evidence of their respective positions in support and defense of all proofs of claim and objections. Through this process, Trustee believes insufficient competent evidence exists to support the objections to claims, but balancing the costs and risks of litigation, Trustee and the creditors reached a compromise that is now the basis of this Motion. Upon information and belief, Debtor does not consent or join in the Motion. However, Trustee believes that this will not be a surplus case such that Debtor has no standing to oppose Trustee's motion.

7.

During the meeting Debtor made settlement offers to the six claimants in paragraph 4 above. The other two claimants in paragraph 5 were not mentioned.

8.

The six claimants came back with counteroffers; and to-date Trustee has not heard from Debtor despite the fact that the counteroffers were communicated to Debtor.

9.

In an effort to save the costs and expenses of trial and believing the counteroffers to be fair after review of same, Trustee brings this motion before the court to have the issues raised by the objections settled and the claims fixed as set forth below. Trustee includes the claims of Kizzy Williams (Claim No. 23) and Dr. Mavuram (Claim No. 31) in this motion and, if approved by the court, all of the claimants represented by David Forrester would be resolved. Trustee seeks to have the court fix the claims as follows:

a. Claim No. 9 filed by Allstate and dealing with the Norris vehicle for $23,579.45 as general unsecured claim entitled to payment under §726 (a)(2).

b. Claim No. 10 filed by Allstate and dealing with the Butler vehicle for $15,274.19 as general unsecured claim entitled to payment under §726 (a)(2).

c. Claim No. 24 filed by Henry and Julia Cobb for $13,763.41 as general unsecured claim entitled to payment under §726 (a)(2) and $13,386.41 as general unsecured penalties entitled to payment under §726 (a)(4).

d. Claim No. 25 filed by Warren and Courtney Warren for $6,505.05 as general unsecured claim entitled to payment under §726 (a)(2) and $1,672.05 as general unsecured penalties entitled to payment under §726 (a)(4).

e. Claim No. 27 filed by Kevin Abadie for $11,118.68 as general unsecured claim entitled to payment under §726 (a)(2) and $3,022.44 as general unsecured penalties entitled to payment under §726 (a)(4).

f. Claim No. 26 filed by Mike Tanner for $19,847.75 as general unsecured claim entitled to payment under §726 (a)(2) and $5,257.13 as general unsecured penalties entitled to payment under §726 (a)(4).

g. Claim No. 23 filed by Kizzy Williams for $8,263.95 as general unsecured claim entitled to payment under §726 (a)(2); and

h. Claim No. 31 filed by Dr. S. Mavuram for $7,281.91 as general unsecured claim entitled to payment under §726 (a)(2).

10.

Trustee understands that the claimants have reduced their original amount sought, not because the damages could not be proved, but in a sincere effort to amicably settle the claim, and to avoid the costs and risks of further litigation. The various settlements were tied together so that it was all or none.

11.

Trustee believes that if these claims are brought to trial, each claimant alleging treble damages will be successful in proving same.

12.

All claimants represented by Mr. Forrester are in agreement with the amounts sought in this motion and are in hopes of an amicable settlement rather than going through the costs of trial set for 07/08/2022.

13.

Finally, Trustee believes that this estate is insolvent and that Debtor has no standing. Trustee has allowed Debtor to work to resolve the issue of standing by seeking resolution of the State of Louisiana's claims; however, to date Debtor has not cooperated with discovery in that litigation. Thus, presently the State's claim is extended prima facie proof of the debt.

WHEREFORE, the trustee prays that, after notice and opportunity for hearing, the court fix the claims as set forth in this motion. The trustee prays for any and all other relief to which she may be entitled.

RESPECTFULLY SUBMITTED:

BY ATTORNEYS FOR TRUSTEE:

*s/Steven P. Lemoine*
Steven P. Lemoine, T.A, Bar No.: 20269
LEMOINE LAW FIRM, LLC
9191 Siegen Lane, Bldg. 4-B
Baton Rouge, LA 70810
Tel.: (225) 292-1717
Fax: (225) 292-1727
Email: steve@lemoinelaw.net

And

*s/Samera L. Abide*
Samera L. Abide, Bar No. 2288
Trustee and Attorney for the Trustee
P.O. Box 3616
Baton Rouge, LA 70821
Telephone: (225) 923-1404
Fax: (225) 923-1443
Email: slabide@abide-law.com